UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nelly Beck, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br><br><br>-v.-<br>Unifin Inc., and<br>LVNV Funding LLC,<br><br>Defendant(s). | Civil Action No: 1:20-cv-4017<br>_____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Nelly Beck (hereinafter, "Plaintiff"), brings this Class Action Complaint by and through her attorneys, Horowitz Law, PLLC, against Defendant Unifin Inc. (hereinafter "Unifin") and Defendant LVNV Credit Services LLC (hereinafter "LVNV"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. This action seeks to recover for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

1

2. The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the majority of acts and omissions occurred.

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Queens.

5. Plaintiff is a natural person allegedly obligated to pay a debt.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).

7. Defendant Unifin is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 8950 Gross Point Rd., Ste 400, Skokie, Illinois 60077 and can served upon their registered agent, Incorp Services, Inc at One Commerce Plaza, 99 Washington Ave, Ste 805A, Albany, New York 12210.

8. Upon information and belief, Defendant Unifin is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and can served upon their registered agent, Corporation Service Company, 80 State Street, Albany, New York 12207-2543.

10. Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## THE FDCPA

11. Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

12. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

13. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

14. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers… as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumer by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcar Fin. Servs.*, 516 F.3d 85, 91 (2d Cir. 2008).

15. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

16. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everday, common consumer---understands the notice he or she receives." *Russell*, 74 F.36 at 34.

17. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.* 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," of if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

18. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendnat's culpability my only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id*.

## CLASS ALLEGATIONS

19. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

20. Plaintiff seeks to cerity a class of:

> All consumer to who Defendant Unifin on behalf of Defendant LVNV sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

21. This action seeks a finding that Defendants Unifin and LVNV's conduct violates the FDCPA, and asks that the Court award damages as authroized by 15 U.S.C. §1692k.

22. The Class consist of more than thirty-five persons.

23. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

24. The prosecution of separate actions by individual members of the Class would ceate a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party ot the adjudication, or substantially impair or impede their ability to protect ttheir interests. Defendant has acted in a meanner applicable to the Class as a whole such that declaratory relief is warranted.

25. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the mebers of the Class, because Defendant's conduct was perpertrated on all members of the Class and wil be established by

common proof. Moreover, Plaintiff has retained counsel experienced in actions brough under consumer protection laws.

## FACTUAL ALLEGATIONS

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

27. Some time prior to February 7, 2020, an obligation was allegedly incurred to CitiBank (South Dakota) N.A.

28. The CitiBank (South Dakota) N.A. obligation arose out of transactions which involved the transaction of money, property, insurance or services which were incurred primarily for personal, family or household purposes.

29. The alleged CitiBank (South Dakota) N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

30. CitiBank (South Dakota) N.A. is a "creditor" as defined by 15 U.S.C. § 1692a(4).

31. Creditor CitiBank (South Dakota) N.A. sold the debt to Defendant LVNV who contracted with the Defendant Unifin to collect the alleged debt.

32. Defendants Unifin and Defendant LVNV collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

33. On or around February 7, 2020 the Plaintiff received a debt collection letter (the "Letter") from Defendant Unifin regarding the alleged debt owed to LVNV. **See Exhibit A**.

34. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

35. The Letter was received and read by Plainitiff.

36. 15 U.S.C. §1692e protects Plaintiff's concrete interests. Plaintiff has the interest and the right to be free from deceptive and/or misleading communication for Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

37. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

38. 15 U.S.C. §1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

39. 15 U.S.C. §1692d protects Plaintiff's concrete interests. Plaintiff has the interest and the right to be free from actions intended to harass, oppress, or abuse through communications by Defendant.

40. The Letter states that the Date of Default of the alleged obligation is 6/25/2010.

41. The Letter further states: "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV FUNDING LLC cannot sue you for it. If you do not pay the debt, LVNV FUNDING LLC may report or continue to report it to the credit reporting agencies as unpaid."

42. This statement is deceptive since the debt can only be reported on a Plaintiff's credit report for seven years from the date of default, and the Letter is sent significantly after seven years from the date of default.

43. This statement is intended to to harass, oppress, or abuse Plaintiff in the collection of the alleged debt since the debt can only be reported on a Plaintiff's credit report for seven years from the date of default, and the Letter is sent significantly after seven years from the date of default.

44. The Plaintiff's account was in default at June 25, 2010, it is impossible that Plaintiff's account would be reported to credit reporting agencies at the time the letter was sent (February 7, 2020).

45. Defendant's letter is a deceptive tactic to coerce a payment from Plaintiff on the debt by threating her with harm to her credit report for significantly longer than allowable by law.

46. Plaintiff incurred an informational injury as Defendant falsely advised that her debt could be reported to the credit bureaus when this was knowingly false information.

47. As a result of Defendant's deceptive and misleading statement Plaintiff has been harmed.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692d *et seq.*

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

50. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

51. Defendant engaged in harassing and abuse debt collection methods in harassing Plaintiff to pay a debt by threatening her with false threats of negative credit reporting, in violation of 15 U.S.C. §§1692d.

52.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

53.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

54.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

55.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

56.     Defendants made false, deceptive and misleading representations when

(a)     they advised her that her debt would be reported to the credit bureaus for when that was impossible; and

(b) falsely and deceptively mischaracterized the legal status of the debt allegedly owed in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5) and 1692e(10).

57.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

58. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Nelly Beck, individually and on behalf of all others similarly situated, demands judgment from Defendant Unifin and Defendant LVNV as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 28, 2020                                                    Respectfully Submitted,

*/s/ Uri Horowtiz*
Uri Horowitz, Esq.
Horowitz Law, PLLC
14441 70th Road
Flushing, NY 11367
Telephone: 718-705-8700
Fax: 718-705-8705
uri@horowitzlawpllc.com
*Counsel for Plaintiff*